IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MICHAEL JARMAL PRUITT,**          Case Number 1:12 CV 1934

    Petitioner,          Judge Jeffrey J. Helmick

    v.          REPORT AND RECOMMENDATION

**OMAR FARHAT, Cuyahoga County Probation Officer**

    Respondent.          Magistrate Judge James R. Knepp II

*Pro se* Petitioner Michael Jarmal Pruitt, a prisoner formerly in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). While his Petition was pending, Petitioner was granted early judicial release and is currently serving five years of community control with four months of home detention. (Doc. 7). Respondent Omar Farhat filed a Return of Writ. (Doc. 13). Petitioner now moves the Court to dismiss his habeas Petition without prejudice and toll the habeas limitations period for each of his habeas grounds due to the "collateral review" of a motion to dismiss the firearm specification he filed with the state court, which remains pending. (Doc. 16, at 2).

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned pursuant to Local Rule 72.2(b)(2). (Non-document entry dated November 28, 2012). For the following reasons, the Court recommends granting Petitioner's Motion to Dismiss (Doc. 16) to the extent it seeks dismissal without prejudice.

In his Motion to Dismiss, Petitioner claims *Wall v. Kholi*, 131 S. Ct. 1278 (2011) permits the Court to dismiss his habeas Petition and toll the limitations period pending collateral review of his motion in state court. (Doc. 16). Respondent counters that the habeas limitation period is

claim specific pursuant to *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007). Thus, Respondent contends any claims unrelated to Petitioner's pending state court filing run the risk of being untimely for purposes of subsequent habeas review.

Here, both arguments are premature. Stated otherwise, the Court does not have the authority to prospectively toll the deadline for refiling the petition. Once Petitioner's claim is dismissed, as he requests, the Court lacks jurisdiction to decide whether tolling applies to a petition filed in the future. That will be up to the Court to determine if and when that petition is refiled. Accordingly, the Court recommends granting Petitioner's motion to dismiss without prejudice.

                                                  s/James R. Knepp II
                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).