UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Michael Jarmal Pruitt,                                          Case No.  1:12-cv-01934

                    Petitioner

      v.

                                          ORDER

Omar Farhat, Cuyahoga County Probation
Officer

                    Respondent.


Before me is the Report and Recommendation of Magistrate Judge James R. Knepp, II. (Doc. No. 18).  Magistrate Judge Knepp recommends I grant the motion of Petitioner Michael James Pruitt to dismiss his habeas corpus petition without prejudice.  For the reasons stated below, I reject the Report and Recommendation and deny Pruitt's motion to dismiss.  His habeas petition will be stayed and held in abeyance while Pruitt seeks resolution of a motion pending in state court.

Pruitt filed a petition for a writ of habeas corpus, seeking relief on five grounds.  Pruitt now seeks to return to state court to pursue pending motions.  Specifically, Pruitt seeks to pursue three motions he filed in late 2011: a motion to dismiss a firearm specification, an amended motion to dismiss the firearm specification, and a motion asking the trial court to proceed to judgment on those two motions.  (Doc. No. 16 at 2).  Pruitt asserts his habeas petition is premature because the trial court has not ruled on those motions.

Respondent the Cuyahoga County Probation Department[1] does not oppose Pruitt's motion to dismiss, and notes I may dismiss any of the grounds in Pruitt's petition which relate to the firearm

---

[1]  Pruitt named the Warden of the Allen Correctional Institution as respondent in his petition.  He subsequently petitioned for and received a judicial release.  Cuyahoga County now is the proper party to respond to Pruitt's petition.  (Doc. No. 9).

specification or stay those claims while Pruitt pursues his state court remedies.  While Respondent characterizes Pruitt's state court proceedings as a matter of exhaustion, this is not entirely accurate. (*See* Doc. No. 17 at 2).  Pruitt already has challenged the validity of the firearm specification before the Ohio Eighth District Court of Appeals and the Supreme Court of Ohio.  (Doc. No. 1 at 3-4). Further, Respondent does not contend any of Pruitt's five grounds for relief are unexhausted.  (*See* Doc. No. 13).

It is true that the facts of this matter do not align precisely with the typical stay and abeyance case, in which the petitioner has presented a mixed petition of unexhausted as well as exhausted claims.  *See, e.g., Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  The trial court's resolution of Pruitt's pending motions may render some of his grounds for relief moot, and thus the best course appears to be to give the state court an opportunity to rule on Pruitt's motions.  Therefore, Pruitt's petition will be stayed and further proceedings will be held in abeyance while he pursues resolution of his state court motions.  The parties shall file a status report on or before June 17, 2014, updating me on the status of the state court proceedings.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge